IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK
MANHATTAN DIVISION

| | |
|---|---|
| JOHN DOE,<br><br>    Plaintiff,<br><br>vs.<br><br>PHILLIPS NIZER LLP,<br><br>    Defendant. | Case No.: 1:25-cv-5938<br><br>**PLAINTIFF'S FIRST**<br>**AMENDED COMPLAINT**<br>**AND DEMAND FOR JURY TRIAL** |

Plaintiff, JOHN DOE, by and through his attorneys, CONSUMER ATTORNEYS PLLC, hereby complains of the Defendant, upon information and belief, as follows:

## NATURE OF THE ACTION

1. Plaintiff brings this action alleging that Defendants have violated the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101, *et seq.* ("ADA"); the New York State Human Rights Law, New York State Executive Law § 296, *et seq.* ("NYSHRL"), and the New York City Human Rights Law, New York City Administrative Code § 8-502(a), *et seq.* ("NYCHRL"), and seeks damages to redress the injuries Plaintiff has suffered as a result of being discriminated against on the basis of his actual and/or perceived disability and retaliated against following his request for a reasonable accommodation.

## JURISDICTION AND VENUE

2. This Court has jurisdiction over this matter pursuant to 42 U.S.C. § 12188 and 28 U.S.C. §§ 1331 and 1343 as this action involves federal questions regarding the deprivation of plaintiff's rights under the ADA.

1

3. The Court has supplemental jurisdiction over plaintiff's related claims arising under the NYSHRL and NYCHRL pursuant to 28 U.S.C. § 1367(a).

4. Venue is proper in this district in that a substantial part of the events or omissions giving rise to the claim occurred within the Southern District of the State of New York. 28 U.S.C. § 1391(b).

## PROCEDURAL REQUIREMENTS

5. Plaintiff filed a charge of discrimination upon which this Complaint is based with the United States Equal Employment Opportunity Commission ("EEOC") on October 2, 2024.

6. Plaintiff received a Notice of Right to Sue from the EEOC on December 5, 2024, with respect to the herein charges of discrimination and retaliation.

7. A copy of the Notice of Right to Sue is annexed hereto as Exhibit "A."

8. The parties entered into tolling agreements pausing the deadline to file suit up until July 18, 2025.

9. This Action is thus being timely commenced within ninety (90) days of receipt of said Right to Sue when accounting for the tolling agreements.

10. Plaintiff therefore exhausted his administrative remedies as is required by Title VII.

## PARTIES

11. At all relevant times, Plaintiff was a resident of the State of New York, Kings County.

12. Upon Information and belief, Defendant PHILLIPS NIZER LLP is a domestic registered limited liability partnership duly existing pursuant to, and by virtue of, laws of the State of New York that is authorized to do business in the State of New York.

13. Upon information and belief, Defendant employs more than fifteen (15) employees and is thus subject to all statutes upon which Plaintiff is proceeding herein.

14. At all relevant times, Plaintiff was an employee of Defendant, located at 485 Lexington Avenue, New York, NY, 10017.

## STATEMENT OF FACTS

15. Plaintiff commenced employment with Defendant in or around January 2023.

16. During the onboarding process, Plaintiff disclosed that he suffered from a mental disability.

17. Upon information and belief, Plaintiff performed his work in an exemplary manner without any complaints from management related to his job performance, other than an occasional instance of constructive criticism.

18. Upon information and belief, Plaintiff was often praised for his performance on various matters.

19. In or around November 27, 2023, Plaintiff experienced an episode regarding Plaintiff's mental disability.

20. Concerned for his health and well-being, Plaintiff voluntarily went to Mount Sinai Beth Israel psychiatric ward (hereinafter the "Hospital") to seek treatment.

21. Due to the complexities of Plaintiff's disability, Plaintiff was involuntarily held at the Hospital from November 27, 2023, until December 5, 2023.

22. On or around December 1, 2023, while being held at the Hospital, Plaintiff requested that the medical staff notify Defendant that Plaintiff would be unable to report to work while being at the Hospital.

23. Upon information and belief, the medical staff at the Hospital left a voice message with Defendant's office notifying Defendant that Plaintiff was at the Hospital and therefore unable to report to work.

24. Specifically, Plaintiff had made a request to Defendant's Chief Talent Officer, Katherine Mendez (hereinafter "Ms. Mendez") requesting the reasonable accommodation of unpaid leave to tend to his disability.

25. Upon being discharged from the Hospital on or around December 5, 2023, Plaintiff submitted his discharge paperwork to Defendant through Ms. Mendez.

26. Along with the discharge paperwork, Plaintiff requested another reasonable accommodation of unpaid leave of two (2) weeks, as was recommended by Plaintiff's discharging physician from the Hospital.

27. Defendant was put on notice of Plaintiff's disability from the beginning of Plaintiff's employment in January 2023.

28. Further, Defendant was put on notice of Plaintiff's request for reasonable accommodations twice; on or around December 1, 2023, and on or around December 5, 2023.

29. On or around December 6, 2023, Plaintiff received an e-mail from Ms. Mendez further inquiring about the nature of the accommodations he would need to further tend to his disability.

30. Despite this, Plaintiff was shocked when he received a notice of termination from Defendant on or around December 8, 2023.

31. Upon information and belief, the reason given to Plaintiff for his sudden termination was for unspecified performance reasons.

32. Upon information and belief, Defendant further explained that the decision to terminate Plaintiff was reached prior to the time he had entered the Hospital.

33. Prior to Plaintiff's request for medical leave, Plaintiff did not receive any material negative performance review nor any substantial verbal or written reprimand for his work performed.

34. Plaintiff further found it strange that Defendant had supposedly reached the decision to terminate him prior to his request for accommodations but still inquired about the nature of what accommodations he was requesting.

35. Moreover, none of the constructive criticism Plaintiff occasionally received put him on notice that he was at risk of being terminated.

36. It is clear from the extremely short temporal proximity of Plaintiff's request for accommodations and Defendant's initial response that the reason to terminate Plaintiff was discriminatory and retaliatory in nature.

37. Rather than engaging in a meaningful interactive dialogue, the Defendants terminated Plaintiff in order to avoid providing a reasonable accommodation as is required by law.

38. Accordingly, Plaintiff has been unlawfully discriminated against on the basis of his actual and/or perceived disabilities and for requesting an accommodation.

39. Defendant acted intentionally and intended to harm Plaintiff.

40. Defendant treated Plaintiff this way solely due to his disability, whether actual and/or perceived and for requesting an accommodation.

41. Alternatively, Defendant's decision to terminate Plaintiff was at least in part substantially motivated by the advent of his disability.

42. Defendant retaliated against Plaintiff solely because he requested leave to care for his disability.

43. As a result of the acts and conduct complained of herein, Plaintiff has suffered a loss of employment, income, other compensation which such employment entails, and emotional distress damages.

44. Plaintiff has also suffered future pecuniary losses, emotional pain, suffering, inconvenience, loss of enjoyment of life, and other non-pecuniary losses.

45. Plaintiff was and is disabled within the meaning of the ADA, NYSHRL, and NYCHRL and/or Defendant perceived Plaintiff to be disabled.

46. Plaintiff is a qualified individual by virtue of his license to practice law and prior experience practicing law who can perform the essential functions of his employment with or without a reasonable accommodation as defined by §12111(8) of the ADA.

47. At all times relevant, Plaintiff's disability was a mental impairment which substantially limits one or more major life activities within the meaning of § 12102(1)(A) of the ADA, including, but not limited to: thinking, concentrating, interacting with others, eating, speaking, and sleeping.

48. Defendants unlawfully discriminated against, humiliated, degraded, and belittled Plaintiff and retaliated against him for seeking to permit him to seek leave as is his right under the law.

49. The above are just some of the ways the Defendant discriminated and retaliated against the Plaintiff while employing him.

50. Plaintiff was offended, disturbed, and humiliated, by the blatantly unlawful, discriminatory, and retaliatory termination.

51. Defendant conduct has been malicious, willful, outrageous, and conducted with full knowledge of the law given the existence of its employment law practice.

52. As such, Plaintiff demands punitive damages as against Defendant.

### AS A FIRST CAUSE OF ACTION FOR DISCRIMINATION UNDER THE AMERICANS WITH DISABILITIES ACT

53. Plaintiff repeats, reiterates, and realleges each and every allegation made in the above paragraphs of this Complaint as if more fully set herein at length.

54. Section 12112 of the ADA, titled "Discrimination," provides:

  a. General rule. - No covered entity shall discriminate against a qualified individual on the basis of **disability** in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment.

55. Defendants violated this section as set herein

### AS A SECOND CAUSE OF ACTION FOR RETALIATION UNDER THE AMERICANS WITH DISABILITIES ACT

56. Plaintiff repeats, reiterates, and realleges each and every allegation made in the above paragraphs of this Complaint as if more fully set forth herein at length.

57. The ADA prohibits retaliation, interference, coercion, or intimidation.

58. Section 12203 of the ADA provides:

  a. Retaliation. No person shall discriminate against any individual because such individual has opposed any act or practice made unlawful by this chapter or because such individual made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this chapter.

  b. Interference, coercion, or intimidation. It shall be unlawful to coerce, intimidate, threaten, or interfere with any individual in the exercise or enjoyment of, or on account of his or her having exercised or enjoyed, or on account of his or her having aided or encouraged any other individual in the exercise or enjoyment of, any right granted or protected by this chapter.

59. Defendant violated this section as set forth herein.

## AS A THIRD CAUSE OF ACTION FOR DISCRIMINATION
## UNDER THE NEW YORK STATE EXECUTIVE LAW

60. Plaintiff repeats, reiterates, and realleges each and every allegation made in the above paragraphs of this Complaint as if more fully set herein at length.

61. The New York State Executive Law § 296(1)(a) provides in pertinent part:

> It shall be an unlawful discriminatory practice: For an employer or licensing agency, because of an individual's age, race, creed, color, national origin, sexual orientation, military status, sex, **disability**, predisposing genetic characteristics, familial status, marital status, or domestic violence victim status, to refuse to hire or employ or to bar or to discharge from employment such individual or to discriminate against such individual in compensation or in terms, conditions or privileges of employment.

62. Defendants violated this section as set herein.

## AS A FOURTH CAUSE OF ACTION FOR RETALIATION
## UNDER THE NEW YORK STATE EXECUTIVE LAW

63. Plaintiff repeats, reiterates, and realleges each and every allegation made in the above paragraphs of this Complaint as if more fully set forth herein at length.

64. New York State Executive Law § 296(7) provides that it shall be an unlawful discriminatory practice: "For any person engaged in any activity to which this section applies to retaliate or discriminate against any person because he has opposed any practices forbidden under this article."

65. Defendant violated this section as set forth herein.

## AS A FIFTH CAUSE OF ACTION FOR DISCRIMINATION UNDER THE NEW YORK CITY ADMINISTRATIVE CODE

66. Plaintiff repeats, reiterates, and realleges each and every allegation made in the above paragraphs of this Complaint as if more fully set forth herein at length.

67. The New York City Administrative Code §8-107(1) provides:

> It shall be an unlawful discriminatory practice: (a) For an employer or an employee or agent thereof, because of the actual or perceived age, race, creed, color, national origin, gender, **disability**, marital status, sexual orientation or alienage or citizenship status of any person, to refuse to hire or employ or to bar or to discharge from employment such person or to discriminate against such person in compensation or in terms, conditions or privileges of employment.

68. Defendant violated this section as set forth herein.

## AS AN SIXTH CAUSE OF ACTION FOR RETALIATION UNDER THE NEW YORK CITY ADMINISTRATIVE CODE

69. Plaintiff repeats, reiterates and realleges each and every allegation made in the above paragraphs of this Complaint as if more fully set forth herein at length.

70. The New York City Administrative Code §8-107(7) provides that it shall be unlawful discriminatory practice: "For an employer . . . to discriminate against any person because such person has opposed any practices forbidden under this chapter. . ."

71. Defendant engaged in an unlawful discriminatory practice in violation of New York City Administrative Code §8-107(7) by discriminating against Plaintiff because of Plaintiff's opposition to the unlawful employment practices of the Defendant.

## JURY DEMAND

72. Plaintiff requests a jury trial on all issues to be tried. WHEREFORE, Plaintiff respectfully requests a judgment against the Defendants:

A. Declaring that Defendant engaged in unlawful employment practices prohibited by the ADA, NYSHRL, and NYCHRL, in that Defendant discriminated and retaliated against Plaintiff on the basis of his actual and/or perceived disability and requesting an accommodation.

B. Awarding damages to Plaintiff for all lost wages and benefits resulting from Defendant' unlawful discrimination and retaliation and to otherwise make him whole for any losses suffered as a result of such unlawful employment practices;

C. Awarding Plaintiff compensatory damages for mental, emotional and physical injury, distress, pain and suffering and injury to him reputation in an amount to be proven;

D. Awarding Plaintiff punitive damages;

E. Awarding Plaintiff attorneys' fees, costs, disbursements, and expenses incurred in the prosecution of the action;

F. Awarding Plaintiff such other and further relief as the Court may deem equitable, just and proper to remedy the Defendant' unlawful employment practices.

Dated: Flushing, New York,
July 18, 2025

**CONSUMER ATTORNEYS, PLLC**
By:       */s/ Emanuel Kataev*
Emanuel Kataev, Esq.
6829 Main Street
Flushing, NY 11367-1305
(718) 412-2421 (office)
(718) 489-4155 (facsimile)
ekataev@consumerattorneys.com (email)

*Attorneys for Plaintiff*
*John Doe*