**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK
NEW YORK DIVISION**

| | |
|---|---|
| JOHN DOE,<br><br>      Plaintiff,<br><br>vs.<br><br>PHILLIPS NIZER LLP,<br><br>      Defendant. | Case No.: 1:25-cv-5938 (JPC) (RFT) |

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION REQUESTING
LEAVE FOR PLAINTIFF TO PROCEED PSEUDONYMOUSLY**

Plaintiff, proceeding pseudonymously as JOHN DOE ("Plaintiff"), through his attorneys, CONSUMER ATTORNEYS, PLLC, respectfully submits the below Memorandum of Law in support of Plaintiff's Motion requesting leave to file his Complaint and proceed in litigation pseudonymously.

**A. Material Facts Relevant to Plaintiff's Motion**

Plaintiff began working with Phillips Nizer LLP (hereinafter the "Firm" or "Defendant") as an associate attorney in or around January 2023. (Complaint (hereinafter "Compl.") ¶ 14). At the beginning of Plaintiff's employment with the Firm, Plaintiff disclosed that he suffered from a mental disability. (Compl. ¶ 15).

On or around November 27, 2023, Plaintiff was subjected to an involuntary holding at Mount Sinai Beth Israel (hereinafter the "Hospital") psychiatric ward due to an episode regarding his mental disability. (Compl. ¶¶ 18-20). Defendant was notified of Plaintiff's hold at the Hospital on or around December 1, 2023, and again on or around December 5, 2023, when Plaintiff was discharged. (Compl. ¶¶ 21-24).

1

Prior to Plaintiff's involuntary holding at the hospital, he had never been subject to a negative performance review and had received praise or constructive criticism for his work. *(See generally*, Compl. ¶¶ 16, 17, 32).

On the advice of his treating physician from the Hospital, Plaintiff requested from Defendant additional unpaid leave for two (2) weeks as an accommodation to tend to his mental disability. (Compl. ¶ 25). In or around December 6, 2023, Plaintiff received a notification from Defendant requesting more information on the nature of what sort of accommodations he required. (Compl. ¶ 28).

On or around December 8, 2023, Plaintiff received notification of termination from Defendant citing the reason for termination as an unnamed performance issue and a clarification that the decision was reached prior to Plaintiff's involuntary hold at the Hospital. (Compl. ¶¶ 29-31). Plaintiff found this strange, as the claim that the decision to terminate Plaintiff was made prior to his involuntary hold seemed inconsistent with the fact that Defendant inquired about the nature of accommodations Plaintiff needed on or around December 6, 2023, and that Plaintiff had never been warned that his performance was so bad that it would warrant termination. (Compl. ¶ 33).

Plaintiff reiterates that prior to Plaintiff's involuntary holding at the hospital, he had never been subject to a negative performance review and had received praise or constructive criticism for his work, leading to further confusion at the reason for termination. *(See generally*, Compl. ¶¶ 16, 17, 32).

B.    **Legal Framework Governing Motions to Proceed Pseudonymously**

When determining whether a plaintiff should be permitted to proceed pseudonymously, courts must balance the plaintiff's interest in anonymity against both the public interest in

disclosure and any prejudice to the defendant. *See Sealed Plaintiff v. Sealed Defendant #1*, 537 F.3d 185, 189 (2d Cir. 2008).

The Second Circuit has set forth the following non-exhaustive list of ten factors to consider in performing this balancing test:

> "(1) whether the litigation involves matters that are "highly sensitive and [of a] personal nature,;" (2) "whether identification poses a risk of retaliatory physical or mental harm to the . . . party [seeking to proceed anonymously] or even more critically, to innocent non-parties,;" (3) "whether identification presents other harms and the likely severity of those harms, including whether "the injury litigated against would be incurred as a result of the disclosure of the plaintiff's identity,;" (4) "whether the plaintiff is particularly vulnerable to the possible harms of disclosure, particularly in light of [their] age;" (5) "whether the suit is challenging the actions of the government or that of private parties;" (6) "whether the defendant is prejudiced by allowing the plaintiff to press [their] claims anonymously, whether the nature of that prejudice (if any) differs at any particular stage of the litigation, and whether any prejudice can be mitigated by the district court;" (7) "whether the plaintiff's identity has thus far been kept confidential;" (8) "whether the public's interest in the litigation is furthered by requiring the plaintiff to disclose his identity;" (9) "whether, because of the purely legal nature of the issues presented or otherwise, there is an atypically weak public interest in knowing the litigants' identities;" and (10) "whether there are any alternative mechanisms for protecting the confidentiality of the plaintiff."

*Id.* at 189-190 (internal citations omitted).

**C.     The Sealed Plaintiff Factors Support Plaintiff's Motion to Proceed Pseudonymously**

The first *Sealed Plaintiff* factors weigh in favor of Plaintiff's position. This action involves the serious nature of Plaintiff's mental disability and his status as a working legal professional. While some courts have previously held that a single instance of emergency medical attention has not been enough to justify the granting of anonymity, *Doe v. City of New York*, 201 F.R.D. 100, 102 (S.D.N.Y. 2001), other courts brought in the standard that in situations of mental health disabilities that are more severe than those presented in *Doe v. City of New York*, a request for

3

anonymity may be granted. *See Doe v. Fullstack Acad., Inc.*, No. 18 CIV. 08070 (ER), 2018 WL 4868721, at *2 (S.D.N.Y. Oct. 5, 2018) (insert parenthetical explaining why the Court issued the relief requested).

Here, Plaintiff's mental disability has been under treatment for some time and his employment relationship with the Firm culminated in the need for a weeklong involuntary stay at a hospital. Due to the longstanding nature of Plaintiff's mental disability and the treatment he has been receiving for it, it is clear that Plaintiff has a more serious condition that has required more than one instance of emergency medical attention.

Similarly, the second and third *Sealed Plaintiff* factor weighs in Plaintiff's favor as it opens the door to potential retaliation in being unable to find future work should the nature of his disability become associated with him in the public record. Plaintiff can cite to specific facts that will be released throughout this litigation, namely the nature of his diagnosis, past treatment, and most importantly, the involuntary stay he was subjected at the hospital which resulted in the discrimination Plaintiff faced.

Courts have held that in instances of mental disability, a Plaintiff must be able to allege facts of highly sensitive information that will become available as a result of the litigation, which Plaintiff has and will continue to be able to do. *See Fullstack*, No. 18 CIV. 08070 (ER), 2018 WL 4868721, at *2; *cf. Mottola v. Denegre*, No. 12 CIV. 3465 (LAP), 2012 WL 12883775, at *2 (S.D.N.Y. June 8, 2012) (court denied claim where Plaintiff failed to allege facts suggesting litigation is likely to present matters of highly sensitive and personal nature).

Contrastingly, the fourth and fifth *Sealed Plaintiff* factors admittedly do not relate to Plaintiff's case as they are in relation to matters of discrimination a Plaintiff faces in relation to their age and in matters of discrimination government and private parties. However, this is not an

absolute bar on Plaintiff's claims against Defendant as Courts have held that not meeting the standard for these two factors does not result in an immediate denial of Plaintiff's motion to proceed under a pseudonym. *See Doe v. Smith*, 19-cv-1121, 2019 U.S. Dist. LEXIS 205707. (granting plaintiff's motion where fourth and fifth factors weighed against plaintiff); *see also Doe v. Colgate Univ.*, No. 15-CIV.-1069, 2016 U.S. Dist. LEXIS 48787 (N.D.N.Y. Apr. 12, 2016) (granting plaintiff's motion without discussion of fourth, fifth or ninth factors); *Doe v. AMDA, Inc.*, No. 16-cv-101, 2016 U.S. Dist. LEXIS 2300 1, at *3 (S.D.N.Y. Feb. 25, 2016).

Turning to the sixth *Sealed Plaintiff* factor, Defendant will not suffer any prejudice if Plaintiff is permitted to proceed under a pseudonym. Defendant is already aware of Plaintiff's true identity through its employment of him and his filings with Equal Employment Opportunity Commission ("EEOC"). Thus, there is no prejudice to the Firm. *See Doe v. Nygard*, No. 20-cv-6501, 2020 U.S. Dist. LEXIS 151186, at *7 (finding no prejudice where plaintiffs agreed to disclose identities to defendants); *see also Doe No. 2. v. Kolko*, 242 F.R.D. 198 (E.D.N.Y. 2006) (no prejudice to defendants where they already knew plaintiff's identity).

With respect to the seventh *Sealed Plaintiff* factor, Plaintiff's identity has remained confidential and has not been disclosed publicly. In prosecuting this action to date, only Defendant and the EEOC have been made aware of Plaintiff's true identity. Accordingly, this factor also weighs in favor of anonymity. *See Smith*, 19-cv-1121, 2019 U.S. Dist. LEXIS 205707, at *5 (N.D.N.Y. Nov. 27, 2019) (finding continued maintenance of confidentiality to favor the use of a pseudonym).

Regarding the eighth *Sealed Plaintiff* factor, courts have traditionally held that the Plaintiff bears the burden of showing that his private interest in anonymity overcomes the public interest presumption of disclosure of his identity. *See Doe v. Cornell Univ.*, No. 3:19-CIV.-1189 (MAD)

(ML), 2021 WL 6128738, at *8 (N.D.N.Y. Jan. 28, 2021); *see also A.B. v. Hofstra Univ.*, No. 2:17-CIV.-5562 (DRH) (AYS), 2018 WL 1935986, at *3 (E.D.N.Y. Apr. 24, 2018).

Here, the Plaintiff has shown that he has a strong private interest in anonymity to avoid further retaliation on the basis of his mental disability. The public would benefit from the grant of this request, as it further protects the rights of all those who might face unlawful discrimination and retaliation due, in whole or in part, to the existence of a mental disability.

In regard to the ninth *Sealed Plaintiff* factor, Plaintiff concedes that there is no particular legal issue in his claim that results in the public having a particularly weak interest in his identity. However, the courts have previously held that the ninth *Sealed Plaintiff* factor, much like the fourth and fifth, is not an absolute necessity to ensure the approval of a motion to proceed under a pseudonym. *See Colgate Univ.*, No. 15-CIV.-1069, 2016 U.S. Dist. LEXIS 48787 (N.D.N.Y. Apr. 12, 2016) (granting plaintiff's motion without discussion of fourth, fifth or ninth factors); *Doe v. AMDA, Inc.*, No. 16-cv-101, 2016 U.S. Dist. LEXIS 2300 1, at *3 (S.D.N.Y. Feb. 25, 2016).

Lastly, the tenth *Sealed Plaintiff* factor weighs in favor of anonymity as there are no alternative means of protecting Plaintiff's identity. *See Smith*, 2019 U.S. Dist. LEXIS 205707, at *6 (collecting cases).

Accordingly, the Court should grant Plaintiff's motion to proceed anonymously.

D.  **Conclusion**

For the reasons stated above, Plaintiff respectfully requests that the Court grant Plaintiff's motion for leave to proceed under a pseudonym.

Dated: Flushing, New York
August 12, 2025

**CONSUMER ATTORNEYS, PLLC**

By:<u>*/s/ Emanuel Kataev, Esq.*</u>
Emanuel Kataev, Esq.
6829 Main Street
Flushing, NY 11367-1305
(718) 412-2421 (office)
(718) 489-4155 (facsimile)
ekataev@consumerattorneys.com

*Attorneys for Plaintiff*
*John Doe*